**ETHAN JESSE SHEFFET, ESQ. (ES9934)**
SHEFFET & DVORIN, P.C.
88 Pompton Avenue
Verona, NJ 07044
(908) 755-8919
File No.: 3112-001
Attorney for Plaintiff

| | |
|---|---|
| STANLEY VICKERS<br><br>Plaintiff,<br><br>v.<br><br>CIGNA; CIGNA HEALTH AND LIFE INSURANCE CO; THE CIGNA GROUP; JOHN/JANE DOES (1-10); ABC Corporations (1-10), DEF Partnerships (1-10), GHI Limited Liability Companies (1-10)<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>NEWARK VICINAGE<br><br>CASE NO.:<br><br>**CIVIL ACTION**<br><br>COMPLAINT |

Plaintiff STANLEY VICKERS residing at 97 Doyle Street, in the Township of Piscataway, County of Middlesex, State of New Jersey, by way of Complaint against the Defendant says:

## INTRODUCTION

1. This is a civil action in which the Plaintiff is seeking compensatory and punitive damages, and declarative injunctive relief to address the Defendants' violation of the Plaintiff's rights. The Defendants have refused to pay the Plaintiff's health care providers insurance benefits under the Plaintiff's policy of health insurance with Defendants that is a federal ERISA policy. This civil action is authorized and brought in accordance with 29 U.S.C. at Section 1132 that empowers a person to file an action against their insurer issuing them a qualified ERISA policy to compel the insurer to provide benefits and to enforce the insured's rights under the terms of the plan, or to clarify the patient's rights to receive benefits under the terms of the plan.

## PARTIES

2. Plaintiff STANLEY VICKERS currently resides at 97 Doyle Street, in the Township of Piscataway, County of Middlesex, State of New Jersey.

3. Defendants Cigna, Cigna Health and Life Insurance Co, and The Cigna Group are an insurance company or companies that is/are authorized to transact business in and in fact transact business in New Jersey, who issued a qualified ERISA health insurance group policy to Plaintiff's employer that afforded Stanley Vickers health insurance coverage. (hereinafter collectively referred to as "Plaintiff").

## JURISDICTION

4. The jurisdiction of this Court is invoked by Plaintiff since this dispute involves the afore-mentioned Federal Law and pursuant to 28 U.S.C. 1331, and with respect to all matters arising under New Jersey law Plaintiff invokes the Court's supplemental jurisdiction under 28 U.S.C. Section 1367.

## VENUE

5. Venue is proper in this District Court pursuant to 28 U.S.C. Section 1391 (b).

## ALLEGED FACTS

6. On or about January 1, 2019, Defendants Cigna, Cigna Health and Life Insurance Co, and The Cigna Group issued a qualified ERISA health insurance group policy to Plaintiff's employer that afforded Plaintiff Stanley Vickers health insurance coverage.

7. Plaintiff Stanley Vickers sought reasonable and necessary medical care for severe, personal injuries that he sustained in a motor vehicle accident of September 24, 2021.

8. Plaintiff received medical and surgical treatment from health care providers including medical doctors licensed to practice medicine in New Jersey, that was both medically reasonable and necessary.

9. At the time Plaintiff received these medical and surgical professional services, Plaintiff was an insured under Defendants' policy of insurance that the Defendant issued that was a qualified ERISA policy.

10. Plaintiff's treating health care providers contacted the Defendants prior to providing their professional services to confirm that the Plaintiff had insurance coverage under the Defendants' policy of insurance.

11. Plaintiff and Plaintiff's treating health care providers obtained and provided Plaintiff with medical and surgical professional services in reliance on the Defendants' confirmation that Plaintiff had health insurance coverage.

12. Plaintiff's treating health care providers contacted the Defendants prior to providing their professional services and requested preauthorization of the medical and surgical services they prescribed Plaintiff, and the Defendants granted preauthorization of those medical and surgical medical services.

13. Plaintiff and Plaintiff's treating health care providers obtained and provided Plaintiff with medical and surgical professional services in reliance on the Defendant's preauthorization of the of the medical and surgical services Plaintiff's health care providers prescribed.

14. After providing their professional services to the Plaintiff, the Plaintiff's health care providers electronically billed and/or otherwise submitted their bill(s) to Defendants for their professional services rendered.

15. The Defendants failed to pay Plaintiff's health care providers' bill(s) in full.

16. The health care providers who treated the Plaintiff filed Internal Appeals with the Defendants in connection with the Defendants' failure to pay the health care providers' bills at all or in full.

17. The Defendants failed to respond to the Internal Appeals of her health care providers in any meaningful way just advising repeatedly on their portal that the Defendants are "reprocessing" the bills.

18. The Plaintiff contacted the Defendants numerous times regarding their failure to pay the bills of the Plaintiff's health care providers to rectify the situation, find out why Defendants failed to pay the bills in full, but has not been able to rectify the situation.

19. The Defendants failure to pay the Plaintiff's medical bills violated the terms of the qualified ERISA insurance plans that Defendants issued to Plaintiff.

## COUNT I

(Landa Spine Center, LLC, Joshua Landa, MD, and Shareef Hassan, MD)

20. Plaintiff repeats each and every allegation set forth within the proceeding paragraphs of the Complaint as if set forth herein at length.

21. Plaintiff received medical and surgical treatment from Landa Spine Center, LLC, by and through Joshua Landa, MD, an orthopedic spine surgeon and Shareef Hassan, MD an orthopedic surgeon who are both licensed to practice medicine in New Jersey, and their agents, servants and/or employees on October 18, 2023, October 25, 2023, November 17, 2023, February 28, 2024, March 27, 2024, May 1, 2024, June 11, 2024, September 30, 2024, October 28, 2024, and January 20, 2025. (hereinafter referred to as "Landa Spine Services").

22. The Landa Spine Services provided to Plaintiff were both medically reasonable and necessary.

23. Landa Spine confirmed Plaintiff's health insurance coverage with Defendants prior to providing Plaintiff with the Landa Spine Services.

24. Landa Spine obtained preauthorization from the Defendants in connection with the medical and surgery they prescribed Plaintiff prior to providing the Landa Spine Services.

25. Landa Spine submitted bills to Defendants for the services they provided.

26. Defendants failed to pay the bills of Landa Spine in full.

27. Defendants failed to afford benefits to Plaintiff and Plaintiff's health care provider in breach of Defendants' contract with Plaintiff Stanley Vickers and in violation of Federal Law.

28. Plaintiff's health care providers have satisfied all internal appeals procedures required by the Defendants' policy.

29. 29 U.S.C. at Section 1132 empowers a person to file an action against an insurer issuing a qualified ERISA policy to compel the insurer to provide benefits and to enforce the insured's rights under the terms of the plan, or to clarify the patient's rights to receive benefits under the terms of the plan.

30. The Defendants failed to pay benefits in violation of their contract of insurance and in violation of Federal law.

31. Landa Spine is now demanding payment from Plaintiff in the amount of four hundred eighty-six thousand two hundred twenty-eight dollars and sixty-two cents ($486,228.62) that Landa Spine contends is the customary and reasonable reimbursement for the professional services they provided net of the payments Landa Spine received from Defendants.

32. Plaintiff Stanley Vickers is entitled to receive insurance benefits from Defendants to satisfy the claim of Landa Spine under the Defendants' ERISA health insurance policy.

33. Defendants have been billed and refused to make prompt payment of medical benefits in violation of New Jersey Law, Federal Law, and in breach of the Defendants' policy of insurance with Plaintiff.

34. As a result of the Defendants' actions herein set forth, the Plaintiff has suffered damages.

WHEREFORE, the Plaintiff demands judgment against the Defendants for damages, including payment of all medical bills of Landa Spine in the amount of four hundred eighty-six thousand two hundred twenty-eight dollars and sixty-two cents ($486,228.62), statutory penalties

including interest and counsel fees, and any other such relief that the Court may deem fair and proper.

## COUNT III

(Additional Health Care Providers)

35. Plaintiff repeats each and every allegation set forth within the proceeding paragraphs of the Complaint as if set forth herein at length.

36. Plaintiff received medical and surgical treatment.

37. Plaintiff's health care providers confirmed Plaintiff's health insurance coverage with Defendants prior to providing Plaintiff with health care services.

38. Plaintiff's health care providers obtained preauthorization from the Defendants in connection with the imaging that Plaintiff's treating medical doctors prescribed Plaintiff.

39. Plaintiff's health care providers and other licensed health care providers who were their agents, servants and/or employees provided Plaintiff with professional services.

40. The professional services Plaintiff's health care providers provided Plaintiff were both medically reasonable and necessary.

41. Plaintiff's health care providers submitted bills to Defendants for the services they provided.

42. Defendants failed to pay the bills of Plaintiff's health care providers.

43. Defendant failed to afford benefits to Plaintiff and Plaintiff's health care provider in breach of Defendants' contract with Plaintiff Stanley Vickers and in violation of Federal Law.

44. Plaintiff and Landa Spine have satisfied all internal appeals procedures required by the Defendants' policy.

45. 29 U.S.C. at Section 1132 empowers a person to file an action against an insurer issuing a qualified ERISA policy to compel the insurer to provide benefits and to enforce the

insured's rights under the terms of the plan, or to clarify the patient's rights to receive benefits under the terms of the plan.

46. The Defendants failed to pay benefits in violation of its contract of insurance and in violation of Federal law.

47. Plaintiff's health care providers is/are now demanding payment in amounts of money they contend is the customary and reasonable reimbursement for the professional services they provided.

48. Plaintiff Stanley Vickers is entitled to receive insurance benefits to satisfy the claims of Plaintiff's health care providers

49. Defendants have been billed and refused to make prompt payment of medical benefits in violation of New Jersey Law, Federal Law, and in breach of the Defendant's policy of insurance.

50. As a result of the Defendants' actions herein set forth, the Plaintiff has suffered damages.

WHEREFORE, the Plaintiff demands judgment against the Defendants for damages, including payment of all medical bills of Plaintiff's health care providers, statutory penalties including interest and counsel fees, and any other such relief that the Court may deem fair and proper.

## COUNT IV
### (Fictitious Defendants)

51. Plaintiff repeats and realleges each and every allegation contained within the proceeding paragraphs and incorporates the same herein as if set forth at length.

52. Defendants, John/Jane Does (1-10), ABC Corporations (1-10), DEF Partnerships (1-10) and GHI Limited Liability Companies (1-10), are named fictitiously due to the Plaintiff's lack of knowledge and belief as to the true identities of said Defendants (hereinafter referred to

as "Fictitious Defendants"). At such time as the Plaintiff learns the true identities of said Defendants, this Complaint will be amended to reflect same.

53. Plaintiff received medical and surgical treatment.

54. Plaintiff's health care providers confirmed Plaintiff's health insurance coverage with Fictitious Defendants prior to providing Plaintiff with health care services.

55. Plaintiff's health care providers obtained preauthorization from the Fictitious Defendants in connection with the imaging that Plaintiff's treating medical doctors prescribed Plaintiff.

56. Plaintiff's health care providers and other licensed health care providers who were their agents, servants and/or employees provided Plaintiff with professional services.

57. The professional services Plaintiff's health care providers provided Plaintiff were both medically reasonable and necessary.

58. Plaintiff's health care providers submitted bills to Fictitious Defendants for the services they provided.

59. Fictitious Defendants failed to pay the bills of Plaintiff's health care providers.

60. Fictitious Defendant failed to afford benefits to Plaintiff and Plaintiff's health care provider in breach of Defendants' contract with Plaintiff Stanley Vickers and in violation of Federal Law.

61. Plaintiff and its health care providers have satisfied all internal appeals procedures required by the Fictitious Defendants' policy.

62. 29 U.S.C. at Section 1132 empowers a person to file an action against an insurer issuing a qualified ERISA policy to compel the insurer to provide benefits and to enforce the insured's rights under the terms of the plan, or to clarify the patient's rights to receive benefits under the terms of the plan.

63. The Fictitious Defendants failed to pay benefits in violation of its contract of insurance and in violation of Federal law.

64. Plaintiff's health care providers is/are now demanding payment in amounts of money they contend is the customary and reasonable reimbursement for the professional services they provided.

65. Plaintiff Stanley Vickers is entitled to receive insurance benefits from Fictitious Defendants to satisfy the claims of Plaintiff's health care providers

66. Fictitious Defendants have been billed and refused to make prompt payment of medical benefits in violation of New Jersey Law, Federal Law, and in breach of the Fictitious Defendant's policy of insurance.

67. As a result of the Fictitious Defendants' actions herein set forth, the Plaintiff has suffered damages.

WHEREFORE, the Plaintiff demands judgment against the Fictitious Defendants for damages, including payment of all medical bills of Plaintiff's health care providers, statutory penalties including interest and counsel fees, and any other such relief that the Court may deem fair and proper.

## DESIGNATION OF TRIAL COUNSEL

Ethan Jesse Sheffet, Esq., is hereby designated as trial counsel in the above-captioned matter.

## JURY DEMAND

TAKE NOTICE that the Plaintiff demands that the issues herein by tried by a jury

## CERTIFICATION

I hereby certify to the best of my knowledge that the matter in controversy in this action is not the subject of any other action, and that no such action or arbitration is presently contemplated.

SHEFFET & DVORIN, P.C.<br>
Attorneys for Plaintiff

BY: _____<br>
Ethan Jesse Sheffet, Esq.

Dated: November 13, 2025

                                                      SHEFFET & DVORIN, P.C.
                                                      Attorneys for Plaintiff

                                                      BY: _____
                                                      Ethan Jesse Sheffet, Esq.
                                                      (ES 9934)

Dated: November 13, 2025