**ETHAN JESSE SHEFFET, ESQ. (052911992)**
SHEFFET & DVORIN, P.C.
88 Pompton Avenue
Verona, NJ 07044
(908) 755-8919
File No.: 3112-001
Attorney for Plaintiff

| | |
|---|---|
| STANLEY VICKERS<br><br>Plaintiff,<br><br>v.<br><br>CIGNA; CIGNA HEALTH AND LIFE INSURANCE CO; THE CIGNA GROUP; JOHN/JANE DOES (1-10); ABC Corporations (1-10), DEF Partnerships (1-10), GHI Limited Liability Companies (1-10)<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>NEWARK VICINAGE<br><br>CASE NO.:<br><br>**CIVIL ACTION**<br><br>COMPLAINT |

Plaintiff STANLEY VICKERS residing at 97 Doyle Street, in the Township of Piscataway, County of Middlesex, State of New Jersey, by way of Complaint against the Defendant says:

## INTRODUCTION

1. This is a civil action in which the Plaintiff is seeking compensatory and punitive damages, and declarative injunctive relief to address the Defendants' violation of the Plaintiff's rights. The Defendants have refused to pay the Plaintiff's health care providers insurance benefits under the Plaintiff's policy of health insurance with Defendants that is a federal ERISA policy. This civil action is authorized and brought in accordance with 29 U.S.C. at Section 1132 that empowers a person to file an action against their insurer issuing them a qualified ERISA policy to compel the insurer to provide benefits and to enforce the insured's rights under the terms of the plan, or to clarify the patient's rights to receive benefits under the terms of the plan.

## PARTIES

2. Plaintiff STANLEY VICKERS currently resides at 97 Doyle Street, in the Township of Piscataway, County of Middlesex, State of New Jersey.

3. Defendants Cigna, Cigna Health and Life Insurance Co, and The Cigna Group are an insurance company or companies that is/are authorized to transact business in and in fact transact business in New Jersey, who issued a qualified ERISA health insurance group policy to Plaintiff's employer that afforded Stanley Vickers health insurance coverage. (hereinafter collectively referred to as "Plaintiff").

## JURISDICTION

4. The jurisdiction of this Court is invoked by Plaintiff since this dispute involves the afore-mentioned Federal Law and pursuant to 28 U.S.C. 1331, and with respect to all matters arising under New Jersey law Plaintiff invokes the Court's supplemental jurisdiction under 28 U.S.C. Section 1367.

## VENUE

5. Venue is proper in this District Court pursuant to 28 U.S.C. Section 1391 (b).

## ALLEGED FACTS

6. On or about January 1, 2019, Defendants Cigna, Cigna Health and Life Insurance Co, and The Cigna Group issued a qualified ERISA health insurance group policy to Plaintiff's employer that afforded Plaintiff Stanley Vickers health insurance coverage.

7. Plaintiff Stanley Vickers sought reasonable and necessary medical care for severe, personal injuries that he sustained in a motor vehicle accident of September 24, 2021.

8. Plaintiff received medical and surgical treatment from health care providers including medical doctors licensed to practice medicine in New Jersey, that was both medically reasonable and necessary.

9. At the time Plaintiff received these medical and surgical professional services, Plaintiff was an insured under Defendants' policy of insurance that the Defendant issued that was a qualified ERISA policy.

10. Plaintiff's treating health care providers contacted the Defendants prior to providing their professional services to confirm that the Plaintiff had insurance coverage under the Defendants' policy of insurance.

11. Plaintiff and Plaintiff's treating health care providers obtained and provided Plaintiff with medical and surgical professional services in reliance on the Defendants' confirmation that Plaintiff had health insurance coverage.

12. Plaintiff's treating health care providers contacted the Defendants prior to providing their professional services and requested preauthorization of the medical and surgical services they prescribed Plaintiff, and the Defendants granted preauthorization of those medical and surgical medical services.

13. Plaintiff and Plaintiff's treating health care providers obtained and provided Plaintiff with medical and surgical professional services in reliance on the Defendant's preauthorization of the of the medical and surgical services Plaintiff's health care providers prescribed.

14. After providing their professional services to the Plaintiff, the Plaintiff's health care providers electronically billed and/or otherwise submitted their bill(s) to Defendants for their professional services rendered.

15. The Defendants failed to pay Plaintiff's health care providers' bill(s) in full.

16. The health care providers who treated the Plaintiff filed Internal Appeals with the Defendants in connection with the Defendants' failure to pay the health care providers' bills at all or in full.

17. The Defendants failed to respond to the Internal Appeals of her health care providers in any meaningful way just advising repeatedly on their portal that the Defendants are "reprocessing" the bills.

18. The Plaintiff contacted the Defendants numerous times regarding their failure to pay the bills of the Plaintiff's health care providers to rectify the situation, find out why Defendants failed to pay the bills in full, but has not been able to rectify the situation.

19. The Defendants failure to pay the Plaintiff's medical bills violated the terms of the qualified ERISA insurance plans that Defendants issued to Plaintiff.

## COUNT I

(Landa Spine Center, LLC, Joshua Landa, MD, and Shareef Hassan, MD)

20. Plaintiff repeats each and every allegation set forth within the proceeding paragraphs of the Complaint as if set forth herein at length.

21. Plaintiff received medical and surgical treatment from Landa Spine Center, LLC, by and through Joshua Landa, MD, an orthopedic spine surgeon and Shareef Hassan, MD an orthopedic surgeon who are both licensed to practice medicine in New Jersey, and their agents, servants and/or employees on October 18, 2023, October 25, 2023, November 17, 2023, February 28, 2024, March 27, 2024, May 1, 2024, June 11, 2024, September 30, 2024, October 28, 2024, and January 20, 2025. (hereinafter referred to as "Landa Spine Services").

22. The Landa Spine Services provided to Plaintiff were both medically reasonable and necessary.

23. Landa Spine confirmed Plaintiff's health insurance coverage with Defendants prior to providing Plaintiff with the Landa Spine Services.

24. Landa Spine obtained preauthorization from the Defendants in connection with the medical and surgery they prescribed Plaintiff prior to providing the Landa Spine Services.

25. Landa Spine submitted bills to Defendants for the services they provided.

26. Defendants failed to pay the bills of Landa Spine in full.

27. Defendants failed to afford benefits to Plaintiff and Plaintiff's health care provider in breach of Defendants' contract with Plaintiff Stanley Vickers and in violation of Federal Law.

28. Plaintiff's health care providers have satisfied all internal appeals procedures required by the Defendants' policy.

29. 29 U.S.C. at Section 1132 empowers a person to file an action against an insurer issuing a qualified ERISA policy to compel the insurer to provide benefits and to enforce the insured's rights under the terms of the plan, or to clarify the patient's rights to receive benefits under the terms of the plan.

30. The Defendants failed to pay benefits in violation of their contract of insurance and in violation of Federal law.

31. Landa Spine is now demanding payment from Plaintiff in the amount of four hundred eighty-six thousand two hundred twenty-eight dollars and sixty-two cents ($486,228.62) that Landa Spine contends is the customary and reasonable reimbursement for the professional services they provided net of the payments Landa Spine received from Defendants.

32. Plaintiff Stanley Vickers is entitled to receive insurance benefits from Defendants to satisfy the claim of Landa Spine under the Defendants' ERISA health insurance policy.

33. Defendants have been billed and refused to make prompt payment of medical benefits in violation of New Jersey Law, Federal Law, and in breach of the Defendants' policy of insurance with Plaintiff.

34. As a result of the Defendants' actions herein set forth, the Plaintiff has suffered damages.

WHEREFORE, the Plaintiff demands judgment against the Defendants for damages, including payment of all medical bills of Landa Spine in the amount of four hundred eighty-six thousand two hundred twenty-eight dollars and sixty-two cents ($486,228.62), statutory penalties

...
...

including interest and counsel fees, and any other such relief that the Court may deem fair and proper.

## COUNT III

(Additional Health Care Providers)

35. Plaintiff repeats each and every allegation set forth within the proceeding paragraphs of the Complaint as if set forth herein at length.

36. Plaintiff received medical and surgical treatment.

37. Plaintiff's health care providers confirmed Plaintiff's health insurance coverage with Defendants prior to providing Plaintiff with health care services.

38. Plaintiff's health care providers obtained preauthorization from the Defendants in connection with the imaging that Plaintiff's treating medical doctors prescribed Plaintiff.

39. Plaintiff's health care providers and other licensed health care providers who were their agents, servants and/or employees provided Plaintiff with professional services.

40. The professional services Plaintiff's health care providers provided Plaintiff were both medically reasonable and necessary.

41. Plaintiff's health care providers submitted bills to Defendants for the services they provided.

42. Defendants failed to pay the bills of Plaintiff's health care providers.

43. Defendant failed to afford benefits to Plaintiff and Plaintiff's health care provider in breach of Defendants' contract with Plaintiff Stanley Vickers and in violation of Federal Law.

44. Plaintiff and Landa Spine have satisfied all internal appeals procedures required by the Defendants' policy.

45. 29 U.S.C. at Section 1132 empowers a person to file an action against an insurer issuing a qualified ERISA policy to compel the insurer to provide benefits and to enforce the

insured's rights under the terms of the plan, or to clarify the patient's rights to receive benefits under the terms of the plan.

46. The Defendants failed to pay benefits in violation of its contract of insurance and in violation of Federal law.

47. Plaintiff's health care providers is/are now demanding payment in amounts of money they contend is the customary and reasonable reimbursement for the professional services they provided.

48. Plaintiff Stanley Vickers is entitled to receive insurance benefits to satisfy the claims of Plaintiff's health care providers

49. Defendants have been billed and refused to make prompt payment of medical benefits in violation of New Jersey Law, Federal Law, and in breach of the Defendant's policy of insurance.

50. As a result of the Defendants' actions herein set forth, the Plaintiff has suffered damages.

WHEREFORE, the Plaintiff demands judgment against the Defendants for damages, including payment of all medical bills of Plaintiff's health care providers, statutory penalties including interest and counsel fees, and any other such relief that the Court may deem fair and proper.

## COUNT IV
### (Fictitious Defendants)

51. Plaintiff repeats and realleges each and every allegation contained within the proceeding paragraphs and incorporates the same herein as if set forth at length.

52. Defendants, John/Jane Does (1-10), ABC Corporations (1-10), DEF Partnerships (1-10) and GHI Limited Liability Companies (1-10), are named fictitiously due to the Plaintiff's lack of knowledge and belief as to the true identities of said Defendants (hereinafter referred to

as "Fictitious Defendants"). At such time as the Plaintiff learns the true identities of said Defendants, this Complaint will be amended to reflect same.

53. Plaintiff received medical and surgical treatment.

54. Plaintiff's health care providers confirmed Plaintiff's health insurance coverage with Fictitious Defendants prior to providing Plaintiff with health care services.

55. Plaintiff's health care providers obtained preauthorization from the Fictitious Defendants in connection with the imaging that Plaintiff's treating medical doctors prescribed Plaintiff.

56. Plaintiff's health care providers and other licensed health care providers who were their agents, servants and/or employees provided Plaintiff with professional services.

57. The professional services Plaintiff's health care providers provided Plaintiff were both medically reasonable and necessary.

58. Plaintiff's health care providers submitted bills to Fictitious Defendants for the services they provided.

59. Fictitious Defendants failed to pay the bills of Plaintiff's health care providers.

60. Fictitious Defendant failed to afford benefits to Plaintiff and Plaintiff's health care provider in breach of Defendants' contract with Plaintiff Stanley Vickers and in violation of Federal Law.

61. Plaintiff and its health care providers have satisfied all internal appeals procedures required by the Fictitious Defendants' policy.

62. 29 U.S.C. at Section 1132 empowers a person to file an action against an insurer issuing a qualified ERISA policy to compel the insurer to provide benefits and to enforce the insured's rights under the terms of the plan, or to clarify the patient's rights to receive benefits under the terms of the plan.

63. The Fictitious Defendants failed to pay benefits in violation of its contract of insurance and in violation of Federal law.

64. Plaintiff's health care providers is/are now demanding payment in amounts of money they contend is the customary and reasonable reimbursement for the professional services they provided.

65. Plaintiff Stanley Vickers is entitled to receive insurance benefits from Fictitious Defendants to satisfy the claims of Plaintiff's health care providers

66. Fictitious Defendants have been billed and refused to make prompt payment of medical benefits in violation of New Jersey Law, Federal Law, and in breach of the Fictitious Defendant's policy of insurance.

67. As a result of the Fictitious Defendants' actions herein set forth, the Plaintiff has suffered damages.

WHEREFORE, the Plaintiff demands judgment against the Fictitious Defendants for damages, including payment of all medical bills of Plaintiff's health care providers, statutory penalties including interest and counsel fees, and any other such relief that the Court may deem fair and proper.

## DESIGNATION OF TRIAL COUNSEL

Ethan Jesse Sheffet, Esq., is hereby designated as trial counsel in the above-captioned matter.

## JURY DEMAND

TAKE NOTICE that the Plaintiff demands that the issues herein by tried by a jury

## CERTIFICATION

I hereby certify to the best of my knowledge that the matter in controversy in this action is not the subject of any other action, and that no such action or arbitration is presently contemplated.

SHEFFET & DVORIN, P.C.<br>
Attorneys for Plaintiff<br><br>
BY: _____<br>
Ethan Jesse Sheffet, Esq.<br>
(ES 9934)

Dated: November 13, 2025

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
STANLEY VICKERS

**DEFENDANTS**
CIGNA, CIGNA HEALTH AND LIFE INSURANCE CO, THE CIGNA GROUP

(b) County of Residence of First Listed Plaintiff: **MIDDLESEX**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
SHEFFET AND DVORIN, P.C., 88 POMPTON AVE., VERONA, NJ 07044

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | **SOCIAL SECURITY** | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | 861 HIA (1395ff) | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 862 Black Lung (923) | 490 Cable/Sat TV |
| 196 Franchise | 362 Personal Injury - Medical Malpractice | | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| | | | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | [x] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | 865 RSI (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. Section 1132

Brief description of cause:
ERISA Claim to compel payment of health insurance benefits

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 11/13/25

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.